# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN GOLDMAN,

    Plaintiff(s),

v.

AARON D. FORD, et al.,

    Defendant(s).

Case No.: 2:19-cv-01457-RFB-NJK

**REPORT AND RECOMMENDATION**

    Pending before the Court is Plaintiff's case-initiating documentation. *See* Docket No. 1. No filing fee was paid and no application to proceed *in forma pauperis* was filed. *See id.* In such circumstance, the Court would ordinarily require Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis* before addressing the merits of his complaint. In an effort to avoid any potential prejudice to Plaintiff with respect to his ability to seek relief through appropriate means, however, the undersigned instead **RECOMMENDS** that this case be **DISMISSED** without prejudice at this time.

    Courts screen complaints brought by prisoners against government entities or officials. *See* 28 U.S.C. § 1915A. Plaintiff's complaint alleges various constitutional violations by government officials related to his state court criminal conviction and subsequent sentencing on March 4, 2019. *See* Docket No. 1-1.[1] He seeks monetary damages and an order from this Court discharging him

---

[1] This is the main thrust of Plaintiff's complaint, but it also references in conclusory manner alleged issues with respect to Plaintiff's conditions of confinement. *See id.* at 6. To the extent Plaintiff wishes to proceed on such claims, nothing herein prevents him from engaging in the

from state incarceration. *See id.* at 9. In short, Plaintiff wants this Court to overrule the state court's judgment. It is well-settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). To the extent a prisoner is contending that he is entitled to an order from a federal court that he be released from prison, his exclusive remedy is to file a writ of *habeas corpus*. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).[2]

In light of the above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to Plaintiff seeking appropriate relief through the state court processes, such as through the filing of an appeal, or through the filing of a writ of *habeas corpus* at an appropriate juncture.

Dated: August 22, 2019

                                             _____
                                             Nancy J. Koppe
                                             United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file

---

required administrative process within the prison and filing a separate lawsuit limited to those issues as may be appropriate.

[2] The Court need not identify herein all of the obstacles to Plaintiff proceeding with this case in light of the recommendation made herein. The Court notes, however, that it appears both prosecutorial and judicial immunity may apply.

a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).